# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LOUISE THOMAS and KEVIN THOMAS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | Civil Action No. 17-11739-DJC |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-QS2, | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                                                                  June 18, 2018

## I. Introduction

Plaintiffs Louise and Kevin Thomas have filed this lawsuit against U.S. Bank National Association, as Trustee, for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS2 ("U.S. Bank") alleging breach of contract (Count I) and a claim under Mass. Gen. L. c. 93A ("Chapter 93A") (Count II). D. 1. U.S. Bank now moves to dismiss the claims under Fed. R. Civ. P. 12(b)(6). D. 12. For the reasons discussed, the Court ALLOWS the motion to dismiss as to both Count I and Count II.

1

## II. Standard of Review

Pursuant to Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). This requirement "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the illegal conduct alleged. Twombly, 550 U.S. at 556. The Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007). To do so, the Court may consider "implications from documents attached to or fairly incorporated into the complaint," "facts susceptible to judicial notice," and "concessions in plaintiff's response to the motion to dismiss." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55-56 (1st Cir. 2012) (quoting Arturet-Velez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 13 n. 2 (1st Cir. 2005)); see Pare v. Northborough Capital Partners, LLC, 133 F. Supp. 3d 334, 336 (D. Mass. 2015) (quoting Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008)).

## III. Factual Background

The following facts are based upon the allegations in the complaint (and the documents attached to and fairly incorporated therein) and are accepted as true for the consideration of the motion to dismiss. In 1973, Mrs. Thomas purchased the real estate property located at 17 Fresh Pond Circle, in Plymouth, Massachusetts (the "Property"). D. 1 ¶ 6. In 2005, Mrs. Thomas executed the Note and both Plaintiffs executed the Mortgage for $224,250, Id. ¶¶ 7-8; D. 13-1; D. 13-2. The Note and Mortgage identify Family Choice Mortgage Corporation ("FCMC") as the original lender. Id. ¶¶ 7-8. The Note, signed solely by Mrs. Thomas had a maturity date of January 1, 2021. D. 13-1 ¶ 3(A). The Mortgage, executed by both Plaintiffs, also had the same maturity

2

date and granted Mortgage Electronic Registration System ("MERS"), as nominee for FCMC, a security interest in the Property. D. 13-2 at 1-2, 12. Pursuant to a pooling and servicing agreement, on or about February 1, 2006, the Note and Mortgage were assigned to U.S. Bank as trustee and the assignment of the Mortgage was subsequently recorded on June 18, 2012. D. 1 ¶ 9. The Mortgage has been previously serviced by GMAC Mortgage, LLC ("GMAC") and is now serviced by Ocwen Loan Servicing, LLC ("Ocwen"), as agents of U.S. Bank. D. 1 ¶¶ 11-13.

Subsequent to the execution of the Note and Mortgage, on September 18, 2006, the Plaintiffs executed a quitclaim deed from the Plaintiffs to themselves as co-trustees of the Seventeen Fresh Pond Circle Realty Trust (the "Realty Trust"). D. 13-3; 21-1.

The Plaintiffs defaulted sometime in 2012. D. 1 ¶ 10. Under the Home Affordable Modification Program ("HAMP") and on behalf of U.S. Bank, GMAC offered Mrs. Thomas a three-month Trial Period Plan ("TPP") loan modification agreement in November 2012. D. 1 ¶ 17; D. 1-1 at 1. As part of the TPP, Mrs. Thomas certified that there had been "no change in the ownership of the Property since [she] signed the Loan Documents," D. 1-1 at 4 (¶ 1C), and the TPP indicated that "if the Lender determined that [Mrs. Thomas's] representations . . . are no longer true and correct, [the] loan will not be modified and this [TPP] will terminate." D. 1-1 at 5-6 (¶ 2F). Under the TPP, Ms. Thomas further agreed that the lender was not "obligated or bound to modify [the loan] if [she] fail[ed] to meet any one of the requirements" under the TPP. D. 1-1 at 6 (¶ 2G).

During the three months following the TPP – January, February and March – the Plaintiffs were obligated to make three payments each in the amount of $2,132.49, D. 15 at 3, and did so. D. 1 ¶¶ 23-24. After such payments were made, Ocwen informed Ms. Thomas that a loan modification would not be made given the issue of the title of the Property since the guidelines

3

were not met for "loans held in an Estate or a Trust." D. 1-2 at 1. As a result, the Plaintiffs did not receive a permanent loan modification. Ocwen subsequently made two loan modification offers in 2015, but the Plaintiffs rejected both, as alleged by the Plaintiffs, these offers were unsustainable, unaffordable, and doomed to foreclosure. D. 1 ¶¶ 39-40, 43-44. Thereafter, in 2016, U.S. Bank initiated foreclosure proceedings on the Property in 2016, D. 1 ¶ 14, and the Plaintiffs filed this complaint in September 2017. D. 1.

U.S. Bank has now moved to dismiss the complaint. D. 12. The Court heard the parties on the pending motion and took the matter under advisement. D. 20.

IV. Discussion

A. Count I – Breach of Contract

The Plaintiffs allege a breach of contract claim against U.S. Bank arguing that, despite their compliance with the three trial payments under the TPP agreement, U.S. Bank failed to provide them with a permanent loan modification agreement. D. 1 ¶ 33. To state a breach of contract claim, Plaintiffs must plausibly allege that there was a valid contract; the defendant breached the contract; and that the Plaintiffs sustained injury as a result of the defendant's breach. Linton v. N.Y. Life Ins. Corp., 392 F. Supp. 2d 39, 41 (D. Mass. 2005). Even accepting the allegations in the complaint (and those exhibits attached and fairly incorporated into the complaint) as true, the Plaintiffs have failed to allege plausibly the first two elements and, therefore, dismissal of Count I is warranted.

First, there was no enforceable contract for a permanent loan modification even where Plaintiffs made the three trial payments under the TPP. Part of the TPP was that Ms. Thomas's representations under the TPP were true and correct, expressly as to the ownership of the Property; if they were not, by the express terms of the TPP, the TPP would terminate and the loan would not be modified. D. 1-1 at 5-6. Even as alleged here, Mrs. Thomas failed to comply with this provision

4

of the TPP.  She represented that there was "no change in the ownership of the Property" since she signed the Loan Documents, D. 1-1 at 4 (¶ 1C), but this was inaccurate since she had quitclaimed the Property to the Realty Trust in 2006.  D. 13-3.  Although Plaintiffs did make the trial payments under the TPP, that was not the only requirement of the TPP.  See Shilo v. Ditech Fin. LLC, Civ. No. 16-11564-DJC, 2017 WL 3202725, at *3 (D. Mass. July 26, 2017).  Since Mrs. Thomas failed to comply with the requirements of the TPP regarding the ownership of the Property, she did not comply with the TPP and the loan was not required to modify permanently as was otherwise contemplated if she had complied.  Where there was no enforceable contract for a loan modification where Mrs. Thomas did not comply with the terms of the TPP, there was no breach by U.S. Bank in denying such modification.[1]

The Plaintiffs contend, in essence, that since they remain owners, as trustees of the Realty Trust, of the Property, there was no effective "change" in ownership of the Property and, therefore, no material breach of the TPP.  D. 15 at 7-8.  The Court does not agree where, as reflected in Realty Trust (a document undisputed between the parties and appropriate for the Court to take judicial notice of in considering the pending motion to dismiss), D. 21-1 at 12, unlike the prior ownership of the Property by the Plaintiffs as individuals, the ownership of same shields Plaintiffs from liability arising out of the Realty Trust.  More significantly, the TPP expressly provides, as Plaintiffs cannot reasonably dispute, that if the representations about the Property are no longer true and correct, the TPP will terminate and the loan will not be modified, D. 1-1 at 5-6, even as Plaintiffs continue to argue that this breach, in light of HAMP guidelines, was not a material

---

[1] Moreover, although the Court need not reach this issue, Plaintiffs' breach of contract claim is also barred by the statute of frauds where no written agreement for a permanent loan modification exists in the absence of compliance with the TPP.  See Shilo, 2017 WL 3202725, at *3 n. 3 (quoting Mass. Gen. L. c. 259, § 1).

5

breach, D. 25 at 2-3, Even as alleged, this is what occurred here and, for this reason, Plaintiffs fail to state a breach of contract claim.

Plaintiffs' reliance upon Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 230 (1st Cir. 2013) does not support a different outcome there for at least one reason. There, it was not disputed that the Plaintiff had performed all of her obligations under the TPP. Id. at 234. Here, even as alleged, Mrs. Thomas has failed to make that showing where candor about the ownership of the Property was required under the TPP, but was not provided.

For all of these reasons, the Court ALLOWS the motion to dismiss the breach of contract claim, Count I.

### B. Count II – Chapter 93A Claim Based on Predatory Lending

In Count II, the Plaintiffs allege that the two loan modifications offers made in 2015, by Ocwen, a non-party, amounted to predatory lending and state a Chapter 93A claim for unfair and deceptive practices. D. 1 ¶¶ 36-50. Neither offer was accepted by the Plaintiffs. Id. ¶¶ 42, 44.

Plaintiffs offer no legal support for the novel position that loan modifications offers, not accepted, can amount to predatory lending. See Aja v. Ocwen Loan Servicing, LLC, Civ. No. 16-10007-FDS, 2017 WL 5900961, at *6-7 (D. Mass Nov. 30, 2017) (ruling that an unaccepted modification offer was not unfair or deceptive under Chapter 93A); Maldonado v. AMS Servicing LLC, Civ. No. 11-40044-FDS, 2012 WL 220249, at *7 (D. Mass. Jan. 24, 2012) (dismissing a Chapter 93A claim where the allegation that "defendants' modification offer was unacceptably high, without more, is [] insufficient to raise the claim to the level of a 93A violation"). Even if Plaintiffs could point to cases involving allegations of predatory practices later in the loan process, they would still have to allege plausibly that they "suffered a tangible loss as a result of the unfair or deceptive conduct." See Hannigan v. Bank of Am., N.A., 48 F. Supp. 3d 135, 141–42 (D. Mass.

2014). They could not do so here where, even as alleged, they rejected the allegedly predatory loan modification offers.

The cases upon which the Plaintiffs do rely for the viability of this claim, <u>Frappier v. Countrywide Home Loans, Inc.</u>, 645 F.3d 51, 56 (1st Cir. 2011); <u>Commonwealth v. Fremont Inv. & Loan</u>, 452 Mass. 733, 748-49 (2008), D. 15 at 12-13; D. 25 at 5-6, concern allegations of deceptive, or fraudulent practices of lenders during the loan origination process, not unaccepted offers to modify a loan after default. Moreover, even if Plaintiffs had made allegations about predatory lending practices during the origination in this case, the loan origination here occurred in 2005 and any such claim would be barred by the four-year statute of limitations for Chapter 93A claims. Mass. Gen. c. 260, § 5A.

## V. Conclusion

For the foregoing reasons, the Court ALLOWS U.S. Bank's motion to dismiss as to both Count I and Count II.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge
